IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| LEOCADIO HERNANDEZ AND LETICIA DARIELA GARCIA, INDIVIDUALLY, AND AS NEXT FRIENDS FOR L.S.H., A MINOR § § § § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:16-cv-00066-AM-CW |
| UNITED STATES OF AMERICA AND FORT DUNCAN MEDICAL CENTER L.P. D/B/A FORT DUNCAN REGIONAL MEDICAL CENTER, § § § § § § | |
| Defendants. § | |

**PLAINTIFFS' MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs file this Motion in Limine at a time before the commencement of the *voir dire* examination of the jury panel. Plaintiffs pray that counsel for the defense, and through such counsel, any and all defense witnesses be instructed by appropriate order of this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective Jurors and Jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters, to-wit:

1. **Liability or Non-Liability for Judgment**. That the named Defendants or Romanus Nwanna, M.D. may or may not have to pay any resulting judgment.

GRANTED: _____          DENIED: _____

2. **Collateral Source**. That any portion of the damages sought by Plaintiff have been, or will be paid by any collateral source, including but not limited to: a) health, accident, disability, or life insurance; b) any employee benefit plan, formal or informal, including payment of wages for time not actually worked; c) social security or welfare; d) Medicaid; e) veterans or other benefits; e) provisions of medical services free of charge or for less than reasonable and customary charges in the United States, provided that the foregoing does not prohibit reference to unpaid charges of any health care provider who actually testifies for Plaintiff (or whose medical records are offered by Plaintiff), or to any letter of protection securing any such charges.

GRANTED: _____          DENIED: _____

3. **Retention of Attorney**. The time or circumstances under which either party consulted or retained an attorney provided that, if any attorney referred a party to a health care provider who testifies in the case (or whose medical records are introduced by such party), such fact may be a subject of inquiry.

GRANTED: _____          DENIED: _____

4. **Attorneys' Fees**. That any party will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury.

GRANTED: _____          DENIED: _____

5. **Criminal Offenses**. That any party or witness has been suspected of, arrested for, charged with or convicted of any criminal offense unless there is evidence of a specific conviction that the Court has previously ruled is admissible in the case.

GRANTED: _____          DENIED: _____

6. **Alcohol, Tobacco or Drug Use**. That any party or witness uses or abuses alcohol, tobacco, or any controlled substance, unless and until such alleged use or abuse is shown to be specifically relevant to the matters in controversy.

GRANTED: _____     DENIED: _____

7. **Settlement Negotiations or Mediation**. Any negotiations, offers or demands with respect to any attempted settlement or mediation.

8. **Discovery Disputes**. Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon.

GRANTED: _____     DENIED: _____

9. **Ex Parte Statements of Witnesses**. Any reference to any ex parte statement of any witness or alleged witness, other than an adverse party or agent of an adverse party, unless and until such witness has been called to testify and has given testimony conflicting with such ex parte statement. A deposition or a statement in business or medical records that have been proved up as required by the Rules of Evidence is not an ex parte statement.

GRANTED: _____     DENIED: _____

10. **Testimony of Absent Witness**. Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party suggesting such testimony does not, in good faith, expect to testify in the trial. If the party is expected to testify by deposition, this provision does not apply to testimony contained in the deposition expected to be offered.

GRANTED: _____     DENIED: _____

11. **Photographs and Visual Aids**. Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the

same, unless and until the same has been tendered to opposing counsel and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

GRANTED: _____     DENIED: _____

    12. **Requests for Stipulations**. Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

GRANTED: _____     DENIED: _____

    13. **Requests for Files**. Any request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party may demand to see a document used by a witness on the stand to refresh his/her recollection, or that a witness testifies that he/she has used previously to refresh his/her recollection).

GRANTED: _____     DENIED: _____

    14. **Social Cost of Award**. Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

GRANTED: _____     DENIED: _____

    15. **Counsel's Opinion of Credibility**. Any expression of counsel's personal opinion regarding the credibility of any witness.

GRANTED: _____     DENIED: _____

    16. **Effect of Answers to Jury Questions**. Any argument that any finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party. This provision does not bar argument by counsel that a particular jury question should be answered in a particular way.

GRANTED: _____     DENIED: _____

    17. **Evidence Not Produced in Discovery Response to a Proper Request**. Calling any witness, or offering any document in evidence, if the identity of such witness or the document

has not been disclosed in response to a proper discovery request. If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon. Counsel are advised that to the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial.

GRANTED: _____  DENIED: _____

18. **Objections to Evidence Not Produced in Discovery**. Any objection based on failure to disclose evidence in pre-trial discovery. Any party desiring to urge any such objection shall request to approach the bench and urge such objection outside the hearing of the jury. To the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial, although the objection may be urged for the record outside the hearing of the jury at the time such evidence is offered in the event the Court has overruled the objection at pretrial.

GRANTED: _____  DENIED: _____

19.   **Superseded Pleadings.** Any evidence, questions or comments referring to the contents of any prior pleadings that have been superseded by the current pleadings on file in this case.  Ragsdale v. Lindsey, 254 S.W.2d 843 (Tex.Civ.App. -- Amarillo 1952, writ ref'd, n.r.e.); Zock v. Bank of Southwest National Association of Houston, 464 S.W.2d 375 (Tex.Civ.App. - Houston, [14th Dist.], 1976, no writ)

GRANTED: _____  DENIED: _____

20.   **Adverse Effect on Healthcare.**  Any statement that this case or any medical negligence case would have an adverse effect on the availability or cost of physicians, hospitals, or other health care providers in any locality. (*Levermann v. Cartall*, 393 S.W.2d 931, 937 [Tex. Civ. App. -San Antonio 1965, writ ref. n.r.e.].).

GRANTED: _____                    DENIED: _____

21.     **Lawsuits Against Experts.** Any reference to claims made or lawsuits filed against any of Plaintiffs' expert witnesses.

GRANTED: _____                    DENIED: _____

22.     **Edited Videotapes.** Any comments made by counsel or witnesses to the Jury that Plaintiffs have "improperly edited" videotapes, have made a specific number of deposition edits, that Plaintiffs failed to play the whole story because they deleted portions of various depositions or did not present them fairly.  Defendants have the opportunity to play any portions of the videotapes and/or depositions to the Jury either by way of cross-examination during Plaintiffs' case in chief or by waiting until Defendants' case in chief and playing various portions of videotaped depositions to the Jury at that time.

This motion in limine is not intended to preclude counsel from reading or playing a deposition segment based on the rule of optional completeness in the appropriate circumstance, but this limine is intended to exclude prejudicial remarks concerning the way in which the depositions have been edited and/or played to the jury.  Rules 401, 402, and 403, Texas Rules of Civil Procedure.

GRANTED: _____                    DENIED: _____

23.     **Demeanor of Defendants.** Any questions, comments or evidence concerning whether Defendants or the healthcare providers whose care is in question were professional, nice, kind, polite or gracious people.  Such is not relevant to any material issue in this case.

GRANTED: _____                    DENIED: _____

24.     **Doing Good in the Community**.  Any questions, comments or evidence concerning whether Fort Duncan Regional Medical Center or Romanus Nwanna, M.D. does good for the community and that an adverse verdict will prevent that from happening in the future. Such is not relevant to any material issue in this case.

GRANTED: _____ DENIED: _____

25. **Filing of This Motion.**  That this Motion has been filed or any ruling by the Court in response to this Motion, suggesting or inferring to the jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter.  Burdick v. York Oil Co., 364 S.W.2d 766 (Tex. Civ. App. - San Antonio l963, writ ref'd n.r.e.).

GRANTED: _____ DENIED: _____

26. **Effect on Reputation of Defendants.** Any statement or evidence which states or purports to show that a finding of negligence in this case would ruin the reputation of the Defendants or make the Defendants unwilling to provide services.  (*Stauf v. Holden*, 94 So. 2d 361, 362 [Fla. 1957]; *Torrez v. Raag*, 43 Ill. App. 3d, 779, 783-84, 357 N.E. 632, 634-35 [1976]; *Delaughter v. Womac*, 215 Miss. 190, 206-207, 164 So.2d 762, 768-69 [1964].)

GRANTED: _____ DENIED: _____

27. **Financial Gain**.  Any reference or inference that the Plaintiffs are filing this lawsuit for the reason of financial gain rather than compensation for loss.

GRANTED: _____ DENIED: _____

28. **Reference to Pleadings or Discovery Responses.**  That counsel for Defendants not refer to any of the pleadings or discovery responses filed by Plaintiffs' attorney nor to any specific portions of any pleadings or discovery responses of any party except as such may be admitted into evidence for the jury because:

    a.    The pleadings or discovery responses are for the court, not the jury.

    b.    Plaintiffs' pleadings or discovery responses were all prepared by the Plaintiffs' attorneys and have not been seen by nor read by Plaintiffs.

    c.    Questions to any witness about Plaintiffs' pleadings or discovery responses would require Plaintiffs' attorneys to become witnesses to explain the pleadings or discovery responses, what they mean and what was included by

      the writer and creating such a situation would be improper under the State Bar of Texas Ethical and Disciplinary Rule.

   d. Any reference to Plaintiffs' pleadings or discovery responses would be inherently argumentative and not for the purpose of presenting relevant facts to the jury.

Texas Rules of Civil Procedure, Rule 65 (superseded pleadings not regarded as part of the pleadings in the record of a cause); Texas Rules of Civil Evidence, Rule 701 (evidence must rationally be based on the perception of the witness); Texas Rules of Civil Evidence, Rule 403 (court may refuse to admit evidence that would confuse the issues and mislead the jury).

GRANTED: _____  DENIED: _____

  29. **Demonstrative Evidence.** Any reference to any demonstrative evidence or exhibits Defendants wish to utilize, without first tendering the same to the Court and opposing counsel before being shown or exhibited to determine their relevance and suitability for introduction into evidence prior to their tender into evidence by Defendants.

GRANTED: _____  DENIED: _____

  30. **Witnesses.** That Plaintiffs have not called to testify any witness equally available to both parties. In this connection, Plaintiffs move that Defendants' counsel further be instructed not to tender, read from, or refer to any *ex parte* statement or report of any person not then and there present to testify and to be cross-examined by counsel for Plaintiffs, and that Defendants' counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

GRANTED: _____  DENIED: _____

  31. **Impeachment on Collateral Matter.** Any reference or attempt to impeach any witness on a collateral matter. Tex. R. Evid. 404(b); *Nix v. H. R. Management*, 733 S.W.2d 573

(Tex. App.-San Antonio 1987, writ ref'd n.r.e.); *Penwell v. Barrett*, 724 S.W.2d 902 (Tex. App.-San Antonio 1987, no writ).'

GRANTED: _____   DENIED: _____

32. **Timeliness of Discovery Responses.** Any questions, statements, or comments concerning the timeliness of any discovery response made by Plaintiffs. Any such matter would be solely for judicial determination.

GRANTED: _____   DENIED: _____

33. **Prejudgment Interest.** Any reference to or comment that actual damages awarded in this case may be subject to prejudgment interest.

GRANTED: _____   DENIED: _____

34. **Witnesses Not Disclosed.** Any witness Defendants did not name in response to requests for disclosures or interrogatories, or list on their witness list, or any evidence requested by Plaintiffs but not produced by Defendants. See, e.g., *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex.1989).

GRANTED: _____   DENIED: _____

35. **Expert Bolstering.** That Defendants, Defendants' experts and Defendants' other witnesses refrain from any character references, or descriptions of each other, as such would constitute unreasonable bolstering. Specifically, that Defendants, Defendants' experts and Defendants' other witnesses be precluded from character references or descriptions of Defendant(s) to the effect Defendant(s) save(s) lives, is a good doctor, has benefited the local or national community, or any other attempt to bolster Defendant(s) or their reputation.

GRANTED: _____   DENIED: _____

36. **Syphilis.** Any reference to Leticia Dariela Garcia having syphilis as such is not relevant to any issue in the case and can only serve to prejudice the jury against her.

GRANTED: _____   DENIED: _____

37. **Border Medicine.** Any questioning, statements or other communications to the effect that the standard of care for the healthcare providers in this case is different from the rest of the country because the care is provided at the border.

GRANTED: _____        DENIED: _____

38. **Polling and Standard of Care**. Any reference to the standards of a given number of physicians or a "polling" of a given number of physicians. In *Hood v. Phillips*, 554 S.W.2d 160 (Tex. 1977), the Texas Supreme Court was concerned that any instruction to the jury on the "respectable minority," "any variance" or "reasonable surgeons would disagree" standards could convey to the jury the incorrect notion for the legal standard of physicians' care is to be determined by a "polling" of the medical community, and thus Defense counsel should be precluded from making any such statement in *voir dire,* direct, opening statement, or otherwise so as to mislead the jury.

GRANTED: _____ DENIED: _____

39. **Answer to Question 1.** Any suggestion, innuendo, or statement to the jury, that if they answer Question 1 on the Jury Charge with a "No" they "get to go home" or "they're done" or any other statements that suggest to the jury that they will be excused from jury duty sooner than if they answer Question 1 with a "Yes".

GRANTED: _____ DENIED: _____

40. **Money and Mental Anguish.** Any suggestion, innuendo, argument or statement to the jury, that money does not make pain and suffering and mental anguish go away.

GRANTED: _____ DENIED: _____

41. **Marital Problems.** Any questions, statements, or communications related to any marital problems between Leocadio Hernandez and Leticia Dariela Garcia as such is not relevant to any issue in the case.

GRANTED: _____ DENIED: _____

Plaintiffs' Motion in Limine                                                                                                        10

42. **Leticia Dariela Garcia's Law Practice.** Any questions, statements, or communications related to explanations for the nature of Leticia Garcia's law practice as such is not relevant to any issue in the case.

GRANTED: _____ DENIED: _____

43. **Father of Homero Alejandro Marcos.** Any questions, statements, or communications related to the identity of Homero Alejandro Marcos' father as such is not relevant to any issue in the case.

GRANTED: _____ DENIED: _____

44. **Living together.** That Leocadio Hernandez and Leticia Dariela Garcia lived together before being married as such is not relevant to any issue in the case and can only serve to inject prejudice.

GRANTED: _____ DENIED: _____

45. **Citizenship**. Any questions, mentions, comments, or evidence regarding the citizenship of Leocadio Hernandez or Leticia Dariela Garcia as their citizenship is not relevant to any issue in the case and is prejudicial.

GRANTED: _____ DENIED: _____

46. **Post-event Literature**. Any reference to literature published after August 30, 2013 for purposes of evidencing standard of care because such literature was not in effect at the time of events in question (unless the qualified witness concedes the writing was in effect at the time of the events in question).

GRANTED: _____ DENIED: _____

Each of the above matters, set forth in individual paragraphs, is generally inadmissible, irrelevant and prejudicial to Plaintiffs' rights to a fair and impartial trial. Should any matter as set forth above become material, relevant or admissible, that Defendants can bring such matter to the Court's attention, receive a favorable ruling thereon, and thus preserve each and every one of

their rights. The failure of the Court to grant this Motion in Limine will be to grant the Defendants a free hand to inject such inadmissible and prejudicial matters as listed above before the jury by asking questions or making of statements to the jury, and even though, upon objection, the Court sustains the same and instructs the jury to disregard the same, harm will have been accomplished.

Therefore, to prevent a miscarriage of justice, Plaintiffs pray that this Motion in Limine be granted in its entirety.

Respectfully submitted,

By: *Ryan Krebs*
**RYAN KREBS, M.D., J.D.**
Texas State Bar No. 00792088

**LAW OFFICE OF RYAN KREBS, M.D., J.D.**
805 W. 10th Street, Suite 300
Austin, Texas 78701
(512) 478-2072
(512) 494-0420 Facsimile
ryan@ryankrebsmdjd.com

**BYRON MILLER**
Texas State Bar No. 24074716
**MALONEY LAW GROUP, P.L.L.C.**
918 S. Alamo Street
San Antonio, Texas 78205
(210) 228-0400
(210) 758-5908 Facsimile
Byron@maloneylawgroup.com

AND

**RICHARD F. GUTIERREZ**
Texas State Bar No. 08644200
113 E. Losoya Street
Del Rio, Texas 78840
(830) 774-5591
(830) 774-5593 Facsimile
rfgrfg@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded, pursuant to the Federal Rules of Civil Procedure, on this 28th day of August 2018, to the following counsel of record:

Clayton R. Diedrichs                                                    *Via CMRRR*
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7310
(210) 384-7312 Facsimile
clayton.diedrichs@usdoj.gov

**ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA**

Steven Gonzalez                                                        *Via Email*
Edward J. Castillo
1317 E. Quebec Ave.
McAllen, Texas 78503
(956) 618-0115
(956) 618-0445 Facsimile
sgonzalez@valleyfirm.com
ecastillo@valleyfirm.com

**ATTORNEYS FOR DEFENDANT
FORT DUNCAN MEDICAL CENTER, L.P. D/B/A FOR DUNCAN REGIONAL MEDICAL CENTER**

*[signature: Ryan Krebs]*
_____
Ryan Krebs